IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**STANLEY JAMES CARTER**                                                             **PLAINTIFF**
**ADC #111939**

V.                          CASE NO. 5:17-CV-280-BSM-BD

**MICHAEL H. RICHARDSON, et al.**                                         **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I**.   **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. Any party may file written objections to this Recommendation. If objections are filed, they must be specific and must include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

**II.**   **Discussion**

Stanley James Carter, an Arkansas Department of Correction inmate, filed this civil lawsuit under 42 U.S.C. § 1983, without the help of a lawyer. (Docket entry #2) In his complaint, Mr. Carter explains that, on March 15, 2016, while he was working in the

kitchen at the Varner Unit, he noticed an inmate attacking an ADC officer. When Mr. Carter intervened, the other inmate stabbed him.[1]

Defendants have now moved for summary judgment on Mr. Carter's claims against them, arguing that he failed to fully exhaust his administrative remedies before filing this lawsuit. (#25) Mr. Carter has responded to the motion, and it is now ripe for review. (#31, #32)

### III.  Analysis

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir.

---

[1] The Court notes that Mr. Carter raised these claims in a previous lawsuit, *Carter v. Richardson*, E.D. Ark. Case No. 5:16cv273. In that case, Mr. Carter's claims were dismissed, without prejudice, based on his failure to exhaust his administrative remedies. (#42)

2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of the grievance process does not excuse a failure to exhaust; nor does confusion about exhaustion requirements. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

In support of their motion, Defendants attach the sworn statement of Terri Grigsby, the Inmate Grievance Supervisor for the ADC. (#27-2) According to Ms. Grigsby's affidavit, Mr. Carter filed three grievances relevant to this lawsuit. Ms. Grigsby testifies that all of those grievances were filed more than a year after the incident at issue occurred. (#27-2 at p.4) Because the ADC grievance policy requires inmates to file grievances within fifteen days of an incident (#27-1 at p.5), Mr. Carter's grievances were untimely. Because the grievances were not submitted within the time allowed, ADC officials never reached the merits of Mr. Carter's grievances.

Here, Mr. Carter has not come forward with any evidence indicating that he fully exhausted his administrative remedies regarding the claims he raises in this lawsuit. In response to the Defendants' motion, Mr. Carter argues that ADC officials failed to timely respond to his grievances. He does not contend, however, that he fully exhausted his administrative remedies in accordance with ADC policy.

Mr. Carter also argues that the mistakes that he made in grievances from his previous lawsuit should excuse his failure to exhaust in this case. This Court cannot reconsider rulings made in a previous lawsuit. Because Mr. Carter has failed to show that there is a genuine dispute as to material facts regarding his exhaustion of administrative remedies, the Defendants are entitled to judgment as a matter of law.

## III.  Conclusion

The Court recommends that the Defendants' motion for summary judgment (#25) be GRANTED. Mr. Carter's claims should be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies in accordance with the ADC grievance procedures before he filed this lawsuit.

DATED, this 9th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE